IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| KEITH D. PURDIE, | ) | |
|---|---|---|
| | ) | 4:17CV3049 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DANIEL SHAW, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff originally filed this lawsuit in the District Court of Platte County, Nebraska, alleging that defendant Daniel Shaw violated his constitutional rights when he excommunicated Plaintiff from the Church of Jesus Christ of Latter-Day Saints (the "Church") in Columbus, Nebraska, because of Plaintiff's felony conviction which was still on appeal at the time. Plaintiff alleges that, before excommunicating him, Defendant held a "counsil/trial" that violated Plaintiff's First, Fifth, Sixth, and Eleventh Amendment rights. Specifically, Plaintiff alleges that he was deprived of his:

• Constitutional right against double jeopardy, his right to due process, and his right not to be called as a witness against himself "as in a criminal case." (Filing No. 1-1 at CM/ECF p. 2 ¶ 4.)

• First Amendment right to "petition the government for a redress of grievances." (Filing No. 1-1 at CM/ECF p. 2 ¶ 5.)

• Rights to be informed of the nature and cause of the accusation, a speedy trial, counsel, an impartial jury, to confront witnesses against him, and to obtain witnesses in his favor. (Filing No. 1-1 at CM/ECF p. 3 ¶ 6.)

• Right to avoid being subject to Defendant's actions because the Church "has no judicial Authority or Jurisdiction over the State's Case against the Plaintiff .

. . , nor can the Defendant . . . take Juricial [sic] action against" him. (Filing No. 1-1 at CM/ECF p. 3 ¶ 7.)

Based on these alleged constitutional violations, Plaintiff seeks $5 million in damages, as well as an order prohibiting Defendant from purporting[1] to excommunicate Plaintiff from the Church. (Filing No. 1-1 at CM/ECF p. 4.)

After removing Plaintiff's action to this court based on both federal question jurisdiction, 28 U.S.C. § 1331, and diversity, 28 U.S.C. § 1332, the defendant now moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[2] (Filing No. 4.)

**DISCUSSION**

The vehicle by which Plaintiff must seek relief for alleged violations of his federal constitutional rights is 42 U.S.C. § 1983, which requires a plaintiff to show that the alleged constitutional deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). *See also Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001) ("Only state actors can be held liable under Section 1983."); *Luther v. Am. Nat. Bank of Minnesota*, No. CIV. 12-1085, 2012 WL 5471123, at *4 (D. Minn. Oct. 11, 2012), *report and recommendation adopted*, No. CIV. 12-1085, 2012 WL 5465888 (D. Minn. Nov. 9, 2012) ("It is well-established that [t]here is simply no

---

[1]Plaintiff asserts that he was not a member of the Church "branch" to which Defendant belonged in Columbus, Nebraska, so Defendant had no authority to rescind his Church membership.

[2]Plaintiff argues that removal was improper because the parties are not citizens of different states and the amount in dispute does not exceed $75,000. Even if Plaintiff's arguments were valid, this court has federal question jurisdiction under 28 U.S.C. § 1331 (federal district courts have original jurisdiction of all civil actions arising under the Constitution), making removal proper under 28 U.S.C. § 1441(a) (defendant may remove to federal district court any civil action brought in state court over which the federal district court has original jurisdiction).

2

cause of action for a private violation of constitutional privileges in the absence of state action.") (internal quotation omitted).

A private actor can be considered to act under color of state law "if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)). This "close nexus" exists where the private actor is "'a willful participant in joint activity with the State' in denying a plaintiff's constitutional rights." *Magee v. Trustees of Hamline Univ.*, 747 F.3d 532, 536 (8th Cir. 2014) (quoting *Dossett v. First State Bank*, 399 F.3d 940, 947 (8th Cir. 2005)). Thus, to survive a motion to dismiss, a "plaintiff must plausibly allege a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Id*. (internal quotation and citation omitted). In doing so, the plaintiff must allege something more than "multiple contacts" between the private party and the state; rather, he must plead "specific facts plausibly connecting" the alleged concerted action to the alleged violation. *Id*.

Here, the plaintiff has not alleged any facts plausibly suggesting that the defendant is a state actor; is employed by, or is an agent of, any governmental entity; or has any type of "understanding" or contacts with state actors. Therefore, Plaintiff cannot sue the defendant under 42 U.S.C. § 1983 for allegedly violating his constitutional rights, and Plaintiff's claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Because of the fundamental nature of the defect in his Complaint, Plaintiff shall not be granted leave to amend, as any amendment would be futile. *See, e.g.*, *Montano v. Hedgepeth*, 120 F.3d 844, 849 (8th Cir. 1997) (prison chaplain who was employed by state was not state actor for § 1983 purposes when performing clerical tasks such as interpretation and application of religious dogma, delivering sermons, taking confessions, granting forgiveness for sins, and counseling inmates on reading of sacred texts).

Accordingly,

IT IS ORDERED:

1.  Defendant's Motion to Dismiss (Filing No. 4) is granted, this case is dismissed pursuant to Fed. R. Civ. P. 12(b)(6), and judgment shall be entered by separate document;

2.  Plaintiff's Motion for Hearing (Filing No. 6) is denied;

3.  Plaintiff's Objection to the Notice of Removal to the United States District Court (Filing No. 7) is denied;

4.  Plaintiff's Objection to Defendant's Motion to Dismiss (Filing No. 8) is denied;

5.  Plaintiff's Request to Present Oral Testimony (Filing No. 12) is denied;

6.  Plaintiff's Motion to Strike Removal (Filing No. 15) is denied;

7.  Defendant's Request to Submit for Decision on Motion to Dismiss (Filing No. 16) is denied as moot; and

8.  Plaintiff's Motion to Remand (Filing No. 17) is denied.

DATED this 21st day of June, 2017.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge